UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61122-CIV-COHN/SELTZER

THE CITY OF FORT LAUDERDALE,

    Plaintiff,

v.

HEZZEKIAH SCOTT,

    Defendant/Counter-Claimant,

VIRGIL BOLDEN, GLORIA BURNELL, THE ESTATE
OF WALTER TIRSCHMAN and KAREN MCNAIR,

    Counter-Plaintiffs/Third Party Plaintiffs,

v.

THE CITY OF FORT LAUDERDALE,

    Counter-Defendant,

ALFRED G. BATTLE, JR., Director of Community
Redevelopment Agency, in his official and individual
capacities, SHAUN DONOVAN, in his official
capacity as Secretary of United States Department
of Housing and Urban Development, and UNITED
STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

    Third-Party Defendants.
_____/

**ORDER DENYING MOTION FOR REHEARING**
**ORDER DENYING MOTION TO STRIKE**
**ORDER GRANTING MOTION TO FILE SUR-REPLY**

**THIS CAUSE** is before the Court upon the Counter-Plaintiffs' Motion for

Rehearing [DE 94], the Federal Counter-Defendants' Memorandum in Opposition [DE

98], the Counter-Plaintiffs' Reply [DE 99] and Motion to Strike [DE 100], the Federal

Counter-Defendants' Request to File Sur-Reply [DE 103], the Federal Counter-

Defendants' Sur-Reply [DE 104],[1] and the Counter-Plaintiffs' Reply Memorandum to Federal Counter-Defendants' Response to Counter-Plaintiffs' Motion to Strike [DE 107]. The Court has considered all of the filings in this case, and is otherwise fully advised in the premises. These motions became ripe on March 17, 2011.

## I.  BACKGROUND[2]

This Court granted the motion to dismiss the Second Amended Counterclaim filed by Counter-Defendants Shaun Donovan, as Secretary of the United States Department of Housing and Urban Development ("HUD"), and HUD itself (hereinafter "Federal Counter-Defendants"). The Court concluded that the Counter-Plaintiffs lacked standing to sue the Federal Counter-Defendants, and that this Court lacked jurisdiction to hear the claims alleged against the Federal Counter-Defendants. Counter-Plaintiffs now move for rehearing of the motion.

## II.  DISCUSSION

### A.  Reconsideration Standard and Request to File Sur-Reply

The parties dispute whether the motion for rehearing should be considered under the Fed. R. Civ. P. 59(e) standard or Fed. R. Civ. P. 60(b) standard. Under Rule 59(e),

---

[1] Because the Counter-Plaintiffs have treated this filing as a response to Counter-Plaintiffs' Motion to Strike the Federal Counter-Defendants' Response [DE 100], the Court does so as well, and grants the request to file a sur-reply (The Court notes that the sole issue raised in the sur-reply is whether Rule 59 or Rule 60 of the Federal Rules of Civil Procedure govern the motion for rehearing).

[2] For a complete background of the case, please refer to the Orders at docket entries 91 and 102.

there are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted).

In their motion for rehearing, Counter-Plaintiffs do attempt to relitigate the issues already decided without mentioning under what rule they are seeking relief.  In their response, the Federal Counter-Defendants argue that Counter-Plaintiffs have failed to justify reconsideration based upon Rule 59(e).  In their reply, Counter-Plaintiffs argue for the first time that Rule 59 does not apply to "an Order issued by the Court on a Motion to Dismiss," but that Rule 60(b), subparagraphs (2), (3), (4), (5), and (6) apply.  Federal Counter-Defendants seek permission to file a sur-reply on this issue of which rule applies.  The Court grants the motion and considers the sur-reply.

Federal Counter-Defendants assert that the United States Court of Appeals for the Eleventh Circuit has stated that the standard a court is to follow on a motion for reconsideration is the same whether such motion is filed under Rule 59 or Rule 60. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  While the cited opinion does not explicitly state this conclusion, this Court agrees with many other Circuit Courts of Appeal that any motion that calls into question

3

the correctness of a judgment is functionally a motion under Rule 59, and that the distinction between Rule 59 and Rule 60 is only a matter of timing – when the motion for reconsideration is filed within ten days of entry of the order Rule 59 governs, when the period of time is longer Rule 60(b) governs.[3]  Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703-04 (10th Cir. 1988), *superceded by statute on other grounds*; Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-670 (5th Cir. 1986) (collecting cases); Western Industries, Inc. v. Newcor Canada Ltd., 709 F.2d 16, 17 (7th Cir. 1983).  Under either rule, Counter-Plaintiffs must show newly discovered evidence, fraud or misrepresentation, or any other reason that justified relief.

### B.  Motion to Strike

Counter-Plaintiffs move to strike the Federal Counter-Defendants' response because it was allegedly filed after the deadline without leave to file and without agreement from opposing counsel.  The Federal Counter-Defendants argue in opposition to the motion that they did in fact move for an extension of time and did report to the Court that Plaintiff's counsel's "office advised that she does not oppose the filing of this motion."  Federal Counter-Defendants' Motion for Enlargement of Time, ¶ 5 [DE 96].  The Court granted the motion and Federal Counter-Defendants timely filed their response [DE 97]. The motion to strike is therefore denied.

---

[3]  The Court entered its order granting the Federal Counter-Defendants' motion to dismiss on Wednesday, January 19, 2011 [DE 91], making the Rule 59 motion deadline Wednesday, February 2, 2011.  The motion for rehearing was filed on January 31, 2011 [DE 94].

### C.  Standing

Counter-Plaintiffs contend that the Court erred when it concluded that they had failed to meet the redressability element of standing.  Counter-Plaintiffs would have standing to sue the Federal Counter-Defendants if they: (1) have suffered an injury in fact; (2) the injury was causally connected to Counter-Defendants' action; and (3) it "must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561(1992) (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).

Counter-Plaintiffs contend that the actual standard is whether it is "substantially likely" that the injury would be redressed by a favorable decision, citing to Utah v. Evans, 536 U.S. 452, 464 (2002).  The quote that Counter-Plaintiffs attribute to the Supreme Court does not appear in the opinion.  Rather, the Supreme Court quoted itself regarding the facts in a case directly on point to Evans, in which it stated that it would seem "substantially likely that the President and other executive and congressional officials would abide by an authoritative interpretation of the census statute and constitutional provision . . . ."  Franklin v. Massachusetts, 505 U.S. 788, 803 (2002).  Contrary to Counter-Plaintiff's contention, the Evans decision did not change the Lujan standard relied upon by this Court.

Moreover, as the Federal Counter-Defendants argue, Counter-Plaintiffs' interpretation arguably would make their burden **higher** if they had to show it was "substantially likely" that redress would occur.   It appears Counter-Plaintiffs are actually arguing that they believe that in this case it is substantially likely that if it obtained redress from HUD then the City would spend its federal funds in a manner consistent

with Counter-Plaintiffs' interpretation of the Fair Housing Act. The Court already considered all of the arguments regarding the federal and state roles prescribed by the Fair Housing Act presented by Counter-Plaintiffs when it entered the prior order. See Order Granting Federal Counter-Defendants' Motion to Dismiss at 4-7. The motion for rehearing of the conclusion that Counter-Plaintiffs lack standing is denied.

### D.  Jurisdiction

The Court previously ruled that the Court lacked jurisdiction over Counter-Plaintiffs' claims for two reasons. First, the Administrative Procedures Act's ("APA") limited waiver is inapplicable because HUD's enforcement of the use of CDBG funds is committed to agency discretion by law, and, because Counter-Plaintiffs have an adequate remedy in their action against the City of Fort Lauderdale. In their motion for rehearing as to the remedy issue, Counter-Plaintiffs simply repeat their argument that a lawsuit against the City "would afford no remedy at all."

As to agency discretion, Counter-Plaintiffs now rely upon N.A.A.C.P. v. Sec. of Housing & Urban Development, 817 F.2d 149, 158 (1st Cir. 1987), an opinion that concluded that a court can review whether "HUD's pattern of activity reveals a failure to live up to its obligation" to "'administer' its programs 'in a manner affirmatively to further the policies' of 'fair housing.'" 42 U.S.C. § 3608(e)(5). This decision could have been brought to the Court's attention prior to its ruling and is not intervening law that warrants reconsideration. In opposition to Counter-Plaintiffs' argument, the Federal Counter-Defendants continue to rely upon Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (hereinafter, "SUWA"), wherein the Supreme Court held that an APA

claim for an agency's failure to act can proceed only where an agency failed to take "a *discrete* agency action that it is *required to take*." (emphasis in original). Counter-Plaintiffs contend in this action that despite HUD's knowledge from HUD's audits of the City's deficiencies in providing fair housing, HUD failed to affirmatively further the policies of fair housing by taking further action (presumably a referral to the Department of Justice under 42 U.S.C. § 5304(e) or § 5311(a)(2)).  The Court again concludes that under SUWA, the Supreme Court would not find subject matter jurisdiction under the APA for the counterclaims in this action.

Counter-Plaintiffs also make an additional argument that 12 U.S.C. § 1702 provides that the Secretary of HUD can sue or be sued in administering the Fair Housing Act.  New arguments are not appropriate on a motion for reconsideration.  Nonetheless, this limited waiver to be sued does not apply to civil rights enforcement actions, but is limited to HUD's day to day business operations.  United States v. Adams, 634 F.2d 1261, 1265 (10th Cir. 1980) (listing the types of HUD actions that would be included in this waiver of immunity).  The Court therefore reaffirms its prior conclusion that jurisdiction over the Federal Counter-Defendants is lacking.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Counter-Plaintiffs' Motion for Rehearing [DE 94] is hereby **DENIED**;
2. Counter-Plaintiffs' Motion to Strike [DE 100] is hereby **DENIED**;

3. Federal Counter-Defendants' Request to File Sur-Reply [DE 103] is hereby

**GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 18th day of March, 2011.

_____
JAMES I. COHN
United States District Judge

cc: All counsel of record on CM/ECF