UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61122-CIV-COHN/SELTZER

THE CITY OF FORT LAUDERDALE,

    Plaintiff,

v.

HEZZEKIAH SCOTT,

    Defendant/Counter-claimant,

VIRGIL BOLDEN, GLORIA BURNELL, THE ESTATE
OF WALTER TIRSCHMAN and KAREN MCNAIR,

    Counter-Plaintiffs/Third Party Plaintiffs,

v.

THE CITY OF FORT LAUDERDALE,

    Counter-defendant,

ALFRED G. BATTLE, JR., Director of Community
Redevelopment Agency, in his official and individual
capacities, SHAUN DONOVAN, in his official
capacity as Secretary of United States Department
of Housing and Urban Development, and UNITED
STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

    Third-Party Defendants.
_____/

**ORDER DENYING RENEWED MOTION TO PLACE MATTER ON COMPLEX TRACK
DENYING MOTION TO ALLOW ADDITIONAL DAYS FOR DISCOVERY
ORDER GRANTING MOTION TO STRIKE COUNTER-PLAINTIFFS' PURPORTED
EXPERT WITNESSES
ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO RESPOND
TO MOTION FOR SUMMARY JUDGMENT
ORDER CONTINUING TRIAL**

**THIS CAUSE** is before the Court upon Counter-Plaintiffs' Renewed Motion to

Place Matter on Complex Track and, in the Alternative, Motion for Continuance and

Motion to Allow an Additional 120 Days for Discovery [DE 187], Counter-Defendants

City of Fort Lauderdale ("City") and Alfred Battle, Jr.'s ("Battle") Response to Counter-Plaintiffs' Renewed Motion [DE 196], Counter-Plaintiffs' Reply [DE 219], Counter-Defendants' Motion to Strike Counter-Plaintiffs' Purported Expert Witnesses [DE 182], Counter-Plaintiffs' Response to Motion to Strike and Motion to Add Expert Witness(es) [DE 217], Counter-Defendants' Reply in support of Motion to Strike and Response to Counter-Plaintiffs' Motion to Add Expert Witnesses [DE 223], and Counter-Plaintiffs' Motion to Extend Time for Response to Motion for Summary Judgment [DE 229]. No reply was filed in support of Counter-Plaintiffs' (Cross) Motion to Add Expert Witness(es) by the deadline of April 19, 2012.

## I.  PROCEDURAL BACKGROUND

This case originated in the Circuit Court in and for Broward County, Florida, as an action by the City of Fort Lauderdale ("City") to foreclose a Special Master Order and Claim of Lien on non-homestead real property owned by Defendant/Counter-Plaintiff Hezzekiah Scott. Scott and four other property owners (hereinafter "Counter-Plaintiffs") filed an Amended Counterclaim asserting various claims against the City and Alfred G. Battle, Jr. ("Battle"), individually and as Director of the City's Community Redevelopment Agency (collectively, "Counter-Defendants"). This Court granted the Counter-Defendants' motion to dismiss in part, dismissing some claims, and allowing leave for Counter-Plaintiffs to file another amended counterclaim. Counter-Plaintiffs filed an amended counterclaim [DE 105], followed by a Notice of Errata containing a similar version of the counterclaim correcting certain numbering [DE 106]. This document is entitled "Second Amended Counterclaim" (hereinafter, "SAC").[1] Upon the

---

[1] The Second Amended Counterclaim consisted of 21 claims, 81 pages and 275 paragraphs, while the prior version contained 20 claims, 33 pages and 142 paragraphs [DE 12]. Previously, the Court dismissed the claims in the prior version against the Federal Counter-Defendants for lack of standing and lack of subject matter jurisdiction

2

City and Battle's motion to dismiss the SAC, the Court granted the motion in part, dismissing certain claims, and denied the motion in part, allowing seven claims to go forward.  Order Granting in Part City's Motion To Dismiss Second Amended Counterclaim [DE 125].  Counter-Defendants filed their Answers to the SAC on August 4, 2011 [DE's 126/127].

Previously, on February 28, 2011, when granting in part and denying in part the City and Battle's motion to dismiss the First Amended Complaint, the Court ruled that the stay of discovery would be lifted upon filing of Counter-Plaintiffs' amended counterclaim [DE 102].[2]  Thus, the stay was lifted on March 14, 2011, when Counter-Plaintiffs filed their amended counterclaim [DE 105].  Counter-Plaintiffs filed their first Notice of Taking Deposition on April 27, 2011 [DE 114].  The Court then resolved the City and Battle's next motion to dismiss on July 26, 2011 [DE 125].  Although the Court intended to set this case for trial when it resolved the motions to dismiss, the scheduling order did not issue until November 16, 2011, when the expert and fact discovery cutoff was set for March 1, 2012 [DE 133].  Nonetheless, this case has been at issue since August 4, 2011, and the stay of discovery was lifted on March 14, 2011.

## II.  DISCUSSION

### A.  Motion for Additional Time for Discovery

Twenty days after the discovery cutoff, on March 21, 2012, Counter-Plaintiffs filed their motion to place this matter on the "Complex Track," or in the alternative, to

---

[DE 91].

[2]  The title of this Order contains a scrivenor's error: "Federal" should be stricken from the title [DE 102].  The body of that Order is clear that it is the City and Battle's motion that is being ruled upon.

3

allow an additional 120 days for discovery.  Counter-Plaintiffs recite the lengthy history of this case, including the parts of the litigation that took place long before the case was removed to this Court on July 1, 2010.  Counter-Plaintiffs contend that their efforts at discovery were thwarted by the City and by various stays of discovery.  However, as the prior section of this Order describes, the fact is that Counter-Plaintiffs have had nearly one year to conduct discovery in this case in this Court.  Due to the number of claims initially brought in this action, the seriousness of the allegations made against the City, and the number of years over which the alleged constitutional violations took place, the Court has tried to be lenient with regard to deadlines.  However, at some point the Court must enforce its deadlines to ensure fairness to all sides.  Although Counter-Plaintiffs contend that the City has thwarted their attempts to obtain discovery many times, it appears that Counter-Plaintiffs delayed utilizing the available means under the Federal Rules of Civil Procedure to obtain discovery or compel discovery.

Therefore, the request for additional time to conduct discovery is denied, while the request to put this case on the "Complex Track" asks for relief that has already been given.  The "Complex Track" envisions up to one year for discovery.  Local Rule 16.1(a)(2)(C).  Over 11 months for discovery was provided in this action.  To the extent Counter-Plaintiffs have filed timely motions to compel discovery for which it has already sought production, any discovery compelled as a result of those motions must still be produced, even though the discovery cutoff has passed.

### B.  Failure to Serve Expert Witness Reports

The City and Battle have moved to strike Counter-Plaintiffs' purported expert witnesses for failure to file expert disclosures under Fed. R. Civ. P. 26(a)(2).  Although Counter-Plaintiffs listed Doris Hall as an expert in their initial disclosures, and also listed Steve Colon as a "GIS Specialist," no expert reports have been filed explaining these

4

witnesses opinions.  Counter-Plaintiffs contend that under Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004), they have shown a substantial justification for the court not to impose a harsh sanction of striking of their experts.[4]  Counter-Plaintiffs argue that there is no surprise to the City, as both Hall and Colon have previously been listed as witnesses, these experts are available for deposition, and their testimony is important to Counter-Plaintiffs to counteract the City's ability to rely on their own employees to explain the code enforcement issues.

In Prieto, the district court allowed a city training officer to testify about police procedure and the use of force.  361 F.3d at 1316.  Plaintiff had objected to his testimony at trial because the defendant had not provided an expert report.  The defendant argues that the witness was exempt from the requirements of Fed. R. 26(a)(2)(B) because he was not specially retained, but was an existing employee.  The district court decided that because the witness was listed on the witness list as someone who would testify about the use of force, the testimony was permitted.  Id. at 1317.  The Court of Appeals held that although the rules required an expert report, plaintiff's counsel can reasonably be understood to have withdrawn the objection once he was provided with the witnesses' CV.  Id. at 1319.  The Court of Appeals then concluded that the failure to provide a witness report in compliance with Fed. R. Civ. P. 26(a)(2) was harmless, thus relieving the defendant of his burden to show the "substantial justification" for failure to provide the report.

The present action is significantly different than the one the court faced in Prieto.  Here, the City is maintaining its objection to the expert witnesses for failure to provide expert witness reports.  To this day, Counter-Plaintiffs have still not filed any expert

---

[4] Counter-Plaintiffs also seek permission to now disclose two additional experts, building engineer Don Homer, and budget/financial analyst, John Canada.

5

witness reports, even though they have received certain discovery.[5]  Regardless of how they perceive the City's actions in this litigation, Counter-Plaintiffs have an affirmative duty to meet their own deadlines, or at least seek to extend those deadlines.  Counter-Plaintiffs concede that expert reports were due by February 10, 2012, ninety days prior to the call of the calendar in this action.  Expert discovery closed on March 1, 2012.  Although Counter-Plaintiffs argue that Counter-Defendants have known about the existence of Doris Hall and Steve Colon for months and never sought to depose these two "expert" witnesses, it has always been Counter-Plaintiffs' duty to serve an expert report.  Nothing that Counter-Plaintiffs have asserted in their opposition to the present motion has provided good cause or substantial justification to allow Counter-Plaintiffs to now, over 75 days past the deadline and after the deadline for summary judgment motions, to serve expert witness reports.  Therefore, the City and Battle's motion to strike expert witnesses is granted, and Counter-Plaintiffs' cross-motion to add expert witness(es) is denied.

### C.  Summary Judgment Motion Response

The City and Battle timely filed their motion for summary judgment on March 22, 2012, after receiving a six day extension [DE 192].[6]  One week later, the City and Battle filed numerous exhibits in support of their motion [DE's 197 through 216].  On April 5, 2012, Counter-Plaintiffs' timely moved for an unopposed extension of time to respond to the motion [DE 220].  The Court granted the motion, setting the new deadline for April 23, 2012 [DE 222].  On April 19, 2012, Counter-Plaintiffs filed a motion to compel

---

[5] Counter-Plaintiffs contend that they are entitled to receive further discovery in their Motion to Compel [DE 229].

[6] The City and Battle had requested a thirty day extension [DE 181], which the Counter-Plaintiffs opposed.  The Court only granted a six day extension [DE 183].

discovery and to extend the deadline to respond to the motion for summary judgment until 30 days after the City and Battle comply with the requested Court's order to produce and organize the requested documents. The Court directed expedited briefing on the motion to compel [DE 230]. Counter-Plaintiffs' reply was filed April 27, 2012 [DE 235]. At this time, because part of the requested relief is unopposed, the Court will grant a 30 day extension of time, making the new deadline May 22, 2012, for Counter-Plaintiffs to respond to the motion for summary judgment. The Court will not grant further extensions absent extraordinary circumstances, as this latest extension has caused the trial date to be moved back.

### III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Counter-Plaintiffs' Renewed Motion to Place Matter on Complex Track and, in the Alternative, Motion for Continuance and Motion to Allow an Additional 120 Days for Discovery [DE 187] is hereby **DENIED**;

2. Counter-Defendants' Motion to Strike Counter-Plaintiffs' Purported Expert Witnesses [DE 182] is hereby **GRANTED**;

3. Counter-Plaintiffs' Motion to Extend Time for Response to Motion for Summary Judgment [DE 229] is hereby **GRANTED in part**. The new deadline is May 22, 2012. The Court will not grant further extensions absent extraordinary circumstances;

4. The following pretrial deadlines shall now apply to this case:

| | |
|---|---|
| Response to Motion in Limine [DE 234] | May 14, 2012 |
| Joint Pretrial Stipulation and Deposition Designations for Trial for Unavailable Witnesses | July 20, 2012 |

    Proposed Jury Instructions, and any  Calendar Call
    Counter-designations and objections to
    Deposition designations

5. This case is reset for trial on the two week trial period **commencing August 6, 2012**, with the Calendar Call reset for Thursday, August 2, 2012 at 9:00am.

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of April, 2012.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record