UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61122-CIV-COHN/SELTZER

THE CITY OF FORT LAUDERDALE,

    Plaintiff,

v.

HEZZEKIAH SCOTT,

    Defendant/Counter-Plaintiff,

VIRGIL BOLDEN, GLORIA BURNELL,
KAREN MCNAIR, and THE ESTATE
OF WALTER TIRSCHMAN,

    Counter-Plaintiffs/Third-Party Plaintiffs,

v.

THE CITY OF FORT LAUDERDALE,

    Counter-Defendant,

ALFRED G. BATTLE, JR., Director of
Community Redevelopment Agency,
in his official and individual capacities,
SHAUN DONOVAN, in his official capacity as
Secretary of the United States Department of
Housing and Urban Development, and
UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

    Counter-Defendants/Third-Party Defendants.
_____/

**ORDER GRANTING IN PART COUNTER-DEFENDANTS' MOTION TO TAX COSTS
AND DENYING COUNTER-PLAINTIFFS' MOTION TO STAY DECISION ON COSTS**

    **THIS CAUSE** is before the Court upon Counter-Defendants City of Fort

Lauderdale and Alfred G. Battle, Jr.'s Verified Motion to Tax Costs [DE 280] ("Costs

Motion") and Counter-Plaintiffs' Motion for Court to Stay the Resolution of Counter-

Defendants' Motion to Tax Costs Pending Appeal [DE 285] ("Stay Motion"). The Court has carefully reviewed these Motions, all related filings, and the record in this case, and the Court is otherwise fully advised in the premises.

## I.     Background

Counter-Defendants City of Fort Lauderdale and Alfred G. Battle, Jr., move to tax costs against Counter-Plaintiffs Hezzekiah Scott, Virgil Bolden, Gloria Burnell, Karen McNair, and Estate of Walter Tirschman, following this Court's entry of summary judgment in favor of Counter-Defendants. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); S.D. Fla. L.R. 7.3(c). Counter-Defendants' requested costs, totaling $12,826.85, include photocopying charges, filing and service fees, and deposition costs.[1] Although Counter-Plaintiffs state that they "dispute the Counter-Defendants' Motion as a whole," they specifically object to only a few of the costs sought by Counter-Defendants. DE 285 at 4; see id. at 4-6. Further, Counter-Plaintiffs request that this Court "stay the resolution of" the Costs Motion until the United States Court of Appeals for the Eleventh Circuit decides Counter-Plaintiffs' pending appeal. Id. at 1.

## II.    Discussion

### A.    Stay Motion

The Court will first address Counter-Plaintiffs' Stay Motion, which essentially asks the Court to defer ruling on Counter-Defendants' Costs Motion pending the outcome of Counter-Plaintiffs' appeal. After closely reviewing the Stay Motion and Counter-Defendants' Response, the Court finds that Counter-Plaintiffs have offered no

---

[1] As discussed herein, Counter-Defendants have since withdrawn or reduced certain requests for costs in response to Counter-Plaintiffs' objections, thereby reducing the proposed taxable costs to $11,601.58. See DE 288.

valid reason for postponing a decision on taxable costs. Indeed, in recently denying a similar request, another Florida federal court rejected arguments much like those raised by Counter-Plaintiffs here. See Breedlove v. Hartford Life & Accident Ins. Co., 2013 WL 361825, at *1-*2 (M.D. Fla. Jan. 30, 2013) (denying motion to stay ruling on costs pending appeal, where non-prevailing parties (1) "summarily argue[d] that the Court erred in its analysis [of the merits], but offer[ed] no evidence or case law to support their argument"; (2) failed to show that they would be irreparably harmed simply because the costs would have to be transferred back to them if they prevailed on appeal; and (3) claimed that awarding costs pending appeal would waste judicial resources, even though "most of the work ha[d] already been done").[2] And Counter-Defendants, having prevailed before this Court, are entitled to recover taxable costs at this time, despite Counter-Plaintiffs' pending appeal. See Fed. R. Civ. P. 54(d)(1); Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed."). The Court therefore denies Counter-Plaintiffs' motion to stay the determination of taxable costs.[3]

---

[2] The Court has considered Counter-Plaintiffs' other arguments and finds them to be without merit. In particular, though Counter-Plaintiffs claim that they will suffer financial hardship from any award of costs, see DE 285 at 2-3, they have produced no specific evidence of their alleged inability to pay costs. Cf. Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc) (holding that a court may reduce an award of costs based on the non-prevailing party's financial condition only if that party presents "substantial documentation of a true inability to pay"). In this regard, the Court notes that four of the five Counter-Plaintiffs are current or former landlords, and the remaining Counter-Plaintiff is a homeowner. See DE 278 at 3-12.

[3] This ruling does not prevent Counter-Defendants, if they so choose, from deferring execution of the judgment awarding costs. See DE 289 at 1-2 (stating that Counter-Defendants "do not oppose a stay of the 'execution' of any cost judgment issued by the Court").

**B.     Costs Motion**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920.[4]  Here, because the Court granted summary judgment to Counter-Defendants, they are the prevailing parties and are entitled to recover taxable costs as allowed by § 1920.

A presumption exists in favor of awarding costs.  See Manor Healthcare Corp. v. Lomello, 929 F.2d 633, 639 (11th Cir. 1991).  Thus, "[w]hen challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party."  Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).  For this reason, the Court will specifically address only the particular costs that Counter-Plaintiffs have disputed.  See Ferguson v. N. Broward Hosp. Dist., No. 10-61606, 2011 WL 3583754, at *1-*3 (S.D. Fla. Aug. 15, 2011).[5]

**1.     Photocopying Charges**

Counter-Plaintiffs dispute two charges—one for $520.57, the other for $551.80—for photocopies that an outside copying service produced for Counter-

---

[4] Section 1920 provides that the following costs are taxable:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  See 28 U.S.C. § 1920.

[5] The Court has nonetheless reviewed the proposed costs to which Counter-Plaintiffs have not objected.  All of those costs appear to be taxable under § 1920.

Defendants.  A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Here, Counter-Plaintiffs do not contest that the copies obtained by Counter-Defendants were necessary for use in this case.  Rather, Counter-Plaintiffs claim that the copying charges were excessive because Counter-Defendants could have produced the copies in-house at a lower cost, as they did with other copies.

In response to Counter-Plaintiffs' objections, Counter-Defendants have withdrawn their request for the $551.80 copying charge, noting that it is duplicative of the $520.57 charge.  Further, Counter-Defendants have agreed to reduce the $520.57 cost to $162.10, as requested by Counter-Plaintiffs.  Based on this resolution, the Court will reduce the award of copying costs to Counter-Defendants by a total of $910.27, thereby reducing the overall taxable costs to $11,916.58.

### 2.     Costs of Foreclosure Action

Counter-Plaintiffs also dispute Counter-Defendants' recovery of costs incurred in the City of Fort Lauderdale's original foreclosure action against Counter-Plaintiff Scott.  Counter-Plaintiffs argue that recovery of these costs is improper because the City was not a prevailing party in the foreclosure action, which this Court dismissed as moot.  See DE 278 at 29-30.

Counter-Defendants concede that they are not prevailing parties in the foreclosure action.  They have therefore withdrawn their request for the two proposed costs specifically incurred in that action—a $295.00 filing fee and a $20.00 service fee.[6]

---

[6] Counter-Plaintiffs contend that "Scott lost title to [his] property on July 27, 2011 and, therefore, any costs incurred subsequent to that date are inappropriate."  DE 285 at 5.  They further assert that "it is impossible to determine if the costs itemized are

Accordingly, the Court further reduces the recoverable costs by $315.00, awarding Counter-Defendants total costs of $11,601.58.

### III.  Conclusion

For the reasons discussed, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Counter-Plaintiffs' Motion for Court to Stay the Resolution of Counter-Defendants' Motion to Tax Costs Pending Appeal [DE 285] is **DENIED**;

2. Counter-Defendants City of Fort Lauderdale and Alfred G. Battle, Jr.'s Verified Motion to Tax Costs [DE 280] is **GRANTED IN PART and DENIED IN PART**;

3. Counter-Defendants City of Fort Lauderdale and Alfred G. Battle, Jr., shall recover total costs of $11,601.58 from Counter-Plaintiffs Hezzekiah Scott, Virgil Bolden, Gloria Burnell, Karen McNair, and Estate of Walter Tirschman; and

4. The Court will enter a separate Final Judgment regarding these costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of February, 2013.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF

---

related solely to the foreclosure action and not the counter-claims." Id.  The Court rejects these arguments.  The Costs Motion and supporting documents show that the remaining proposed costs involve Counter-Defendants' defense of the counterclaims and third-party claims brought by Counter-Plaintiffs—not the City's prosecution of the original foreclosure action against Scott.